THE UNION BANK OF LOUISIANA *v.* JOHN L. DANIEL and others.

In an action against the endorsers of a note, the notary's certificate, offered in evidence, recited that he had notified the protest à MM. H. D. et F,. *aux Opelousas, endosseurs du billet, au moyen de six notices écrites adressées auxdits* H. D. *et* F., *respectivement ; trois desquelles, adressées comme dit est, j'ai mises à la poste à* V.," etc. *Held*, that the certificate must be construed to mean that three of the notices of protest were deposited in the post office at V., addressed to the endorsers at Opelousas ; and that the proof of notice is sufficient.

APPEAL from the District Court of St. Landry, *Boyce*, J.

*Voorhies*, for the plaintiffs.

*Overton, Martin* and *T. H. Lewis*, for the appellants.

SIMON, J. Three of the defendants, sued as endorsers of a promissory note, subscribed by their co-defendant, Daniel, for $960, to the order of George Hill, and made payable at the office of discount and deposit of the Union Bank of Louisiana, at Vermillionville, the drawer's elected domicil, are appellants from a judgment which makes them liable, as such endorsers, to pay the amount of said note, *in solido.*

The only question which this case presents is, whether the endorsers were duly notified of the dishonor of the note; and on referring to the notary's certificate of notice, we find that he states: "Je, soussigné, etc., certifie avoir aujourdhui, vingt-quatre Fevrier, 1843, *notifié le protêt qui précéde à MM. George Hill, Dupré & Joubertie, et Frémont, Guidry & Roy, aux Opelousas, endosseurs du billet transcrit en tête dudit protêt, au moyen de six notices écrites, adressées auxdits George Hill, Dupré & Joubertie, et Frémont, Guidry & Roy, respectivement ; trois desquelles adressées comme dit est, j'ai mises à la poste à Vermillionville,"* etc. le tout en présence des témoins," etc. This is clearly sufficient. The purport of the certificate cannot have any other meaning but that three of the notices of protest, addressed to the endorsers at Opelousas, were deposited in the post office at Vermillionville, *addressed as aforesaid*, that is to say, addressed to the said endorsers at Opelousas ; and it is not pretended that they, or either of them, reside in any other parish, or that the notices were not sent to the post office nearest to their respective residences. With regard to one of them, Dr. George Hill,

the evidence shows that he lives within the limits of the corporation of Opelousas, that the post office at Opelousas is the nearest to his residence, that he receives his papers and letters there, that he lives about a mile from the town, and that the next nearest office to his house, after Opelousas, would be that at Washington, six miles off.

Under the certificate of notice, and the circumstances of the case, we think the notices were properly forwarded; that they must have reached the endorsers in due time; and that they were correctly made liable to pay the notes sued on.

*Judgment affirmed.*